Noel T. WILLIAMSON, d/b/a Noel's
Bake Shop, Plaintiff

v.

Earl BUTZ, Secretary of Agriculture,
et al., Defendants.

No. 75–0017–Civ–3.

United States District Court,
E. D. North Carolina,
Fayetteville Division.

Sept. 1, 1977.

Joseph B. Chambliss, Chambliss, Paderick, Warrick & Johnson, Clinton, N. C., for plaintiff.

Christine W. Dean, Asst. U. S. Atty., Raleigh, N. C., for defendants.

## ORDER

DUPREE, District Judge.

This action is a challenge to a determination of the Secretary of Agriculture to withdraw authorization of plaintiff, Noel's Bake Shop, to participate as a retail store in the Food Stamp Program, 7 U.S.C. § 2011, *et seq.* It comes before the court on cross motions for summary judgment.[1] Plaintiff's motion for summary judgment will be denied, defendant Secretary of Agriculture's motion will be granted and the action will be dismissed.

Plaintiff, Noel T. Williamson, d/b/a Noel's Bake Shop, is the owner of a small bakery located in Clinton, North Carolina, which specializes in fancy baked goods such as pies, cakes, cookies and pastries. Plaintiff's store was originally certified on February 6, 1973 as an authorized participant in the Food Stamp Program. On December 11, 1974, plaintiff was notified that his authorization was being withdrawn because the store's participation did not effectuate the purposes of the Program. Administrative review of the proposed withdrawal of certification was requested and provided.[2]

On March 26, 1975 the Food Stamp Review Officer issued his final decision that the action of the Food and Nutrition Service (FNS) in withdrawing authorization was appropriate. Judicial review of this administrative decision was sought and is appropriate. 7 U.S.C. § 2022.

■ The sole issue presented for determination is whether the Secretary acted beyond the scope of his authority in withdrawing plaintiff's authorization to participate as a "retail food store" in the Food Stamp Program. It is not disputed that the bakery items sold in Noel's Bake Shop fall within the Act's definition of "food", 7 U.S.C. § 2012(b); that the bakery falls within the Act's definition of "retail food store", 7 U.S.C. § 2012(f); or that its clients fall within the Act's definition of "household", 7 U.S.C. § 2012(e). However, it is not sufficient for program participation merely to be a "retail food store" selling "food" to "households". This court is in agreement with the opinion expressed by the Fifth Circuit in *Kentucky Fried Chicken v. United States,* 449 F.2d 255 (5th Cir. 1971), that the "Act makes it plain that all such definitionally qualified stores are not ipso facto admitted to the program." *Id.* at 257. Instead, the Secretary is authorized to formulate and administer a food stamp program and to issue regulations appropriate for the effective and efficient administration of the program. 7 U.S.C. § 2013(a) and

---

1. At a pre-trial conference on March 8, 1976, counsel for both parties stipulated that the case would be disposed of by cross-motions for summary judgment. Thereafter, cross-motions were filed and the case was referred to the United States Magistrate for recommendation. A second pre-trial conference set for August 15, 1977 was also postponed upon representations from counsel that the outstanding motions were dispositive. Although the United States Magistrate has recommended that both motions be denied, the court has made an independent review of the motions and recommendation. Although there are disputed facts, the court finds no genuine issue as to any material fact so that summary judgment is appropriate.

2. The regulations covering participation in the food stamp program are published in 7 C.F.R. § 272.1, *et seq.* Section 272.1(g) allows the FNS to require a firm to submit a new applica-

tion when determining whether a firm's continued participation serves the purposes of the program. In the case at bar, a new application was not requested or submitted. However, no objection has been raised in this court to the procedures followed in withdrawing certification. Full administrative review was provided as set out in 7 C.F.R. § 272.8. Further, the parties consented to a court order allowing plaintiff's continued participation in the program pending judicial review without requiring plaintiff to demonstrate the irreparable harm otherwise required by 7 U.S.C. § 2022(c). Accordingly, the technical objection to failing to require submission of a new application has been waived. The Secretary submits that he already had all the information that could have been provided in a new application so that requiring a new application would have involved wasted effort and unnecessary expense.

(c). Retail food stores which desire to be authorized to accept and redeem food stamps submit applications pursuant to the Secretary's regulations and approval is to be granted to those applicants "whose participation will effectuate the purposes of the food stamp program." 7 U.S.C. § 2017(a).

Congress charged the Secretary of Agriculture to formulate a food stamp program "under which . . . eligible households . . . shall be provided with an opportunity to obtain a nutritionally adequate diet . . . ." 7 U.S.C. § 2013(a). He was to issue regulations appropriate for the effective and efficient administration of the program and such regulations were to provide for submission of applications for approval by retail food stores. 7 U.S.C. § 2013(c) and § 2017(a). In determining the qualifications of applicants, he was to consider among other factors: (1) the *nature* and *extent* of the retail or wholesale food business conducted by applicant; (2) the volume of coupon business which may reasonably be expected to be conducted by applicant; and (3) the business reputation and integrity of the applicant. 7 U.S.C. § 2017(a). See also, 7 C.F.R. § 272.1(b). Finally, he was to make "[a]ll practicable efforts . . . in the administration of the food stamp program to insure that participants use their increased food purchasing power to obtain those staple foods most needed in their diets . . . ." 7 U.S.C. § 2019(a).

Pursuant to the above-mentioned guidelines regulations were adopted, including 7 C.F.R. § 272.1(f) which provides in pertinent part as follows:

". . . FNS shall deny the application of any firm if it determines that such firm's participation will not effectuate the purposes of the program. FNS will not consider the participation of a retail food store as effectuating the purposes of the program unless its *food sales include staple foods for home preparation which are most needed in the diets of eligible households.*" (Emphasis added.)

It is Regulation 272.1(f) and the revocation of certification of plaintiff's store pursuant to this regulation that is attacked by plaintiff as being arbitrary and capricious.

As noted in *Kentucky Fried Chicken, supra* at 256–57, the legislative history of the Act discloses that Congress dismissed as impractical the idea of designating which foods could be purchased by stamps. However, the legislative scheme as set out in 7 U.S.C. § 2013 and § 2017 gave the Secretary discretion to designate *which stores* could be authorized to accept food stamps. Plaintiff argues that Regulation 272.1(f) is an arbitrary exercise of regulatory power since small specialty retail stores cannot qualify under the program whereas larger retail stores can qualify. Plaintiff finds the regulation especially egregious since the very foods plaintiff sells may be purchased with food stamps in these larger retail facilities. The problem is simply that so-called "luxury" foods are not intended to be excluded from the program. Thus, although the Secretary cannot prohibit the purchase of "luxury" items, he is charged to use all practicable efforts to see that participants purchase those staple foods most needed in their diets.

The Secretary has exercised his discretion to approve only grocery establishments which stock a large number of low-cost staple foods in an attempt to encourage a more economical exercise of food stamp purchasing power. Given the legislative scheme and statements of policy, this was "a reasonable choice on the Secretary's part, well within the scope of the executive powers reposed in him." *Kentucky Fried Chicken, supra* at 257.

It is not disputed that Noel's Bake Shop carries no staple goods for preparation at home (see, plaintiff's brief, p. 2). There is a factual dispute regarding whether plaintiff prepares and dispenses bread at Noel's Bake Shop. Plaintiff takes specific exception to a March 26, 1975 letter from the Food Stamp Review Office indicating that there was an "absence of any food items which might be considered as staples, especially bread . . . ." Plaintiff's counsel insists in his brief that plaintiff does pre-

pare and dispense bread. The only affidavit in the court record was submitted by Gerald D. Dowdy of the United States Department of Agriculture and indicates that "[b]read as a general item is not available, although an occasional loaf of fancy French bread may be purchased." For purposes of this motion, the court will find that certain types of bread are prepared and available for purchase at plaintiff's store. Nonetheless, this finding does not change the essential nature of plaintiff's establishment, that being a bakery specializing in fancy baked goods such as pies, cookies, cakes and pastries. The stock consists mainly of higher-cost, prepared foods and there are no staple goods for preparation at home.

The court concludes that the Secretary of Agriculture has discretion to approve as participating retail stores only such establishments as stock a large number of low-cost staples. This policy is deemed to provide low income groups with an opportunity to make the most economical use of their food stamp purchasing power. There was no abuse of discretion in withdrawing authorization for participation to Noel's Bake Shop since it is a retail store specializing only in sales of higher-cost prepared foods.

For the foregoing reasons, it is now

ORDERED that plaintiff's motion for summary judgment is denied, defendant's motion for summary judgment is granted, and the action is dismissed with each party to bear its own costs.